# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH M. RUMPF | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 09-557 |
| METROPOLITAN LIFE INSURANCE CO., | : | |
| et al. | : | |

## MEMORANDUM RE: MOTION TO AMEND COMPLAINT

**Baylson, J.**                                                                                                 **December 21, 2010**

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff Elizabeth Rumpf filed a Motion For Amended Complaint (ECF No. 43) in this lawsuit alleging violations of the Employee Retirement Income Security Act of 1974 (ERISA) arising out of the denial of her claim for long-term disability ("LTD") benefits. Defendants Metropolitan Life Insurance Company ("MetLife"), Constellation Energy Group Inc. f/k/a Baltimore Gas and Electric Company ("CEG"), and Constellation Energy Group Employee Benefits Plans filed a Response in Opposition to the Motion (ECF No. 45). For the following reasons, the Court will grant Plaintiff leave to amend her Complaint.[1]

## I. Factual and Procedural Background

Plaintiff, a former CEG employee, filed a lawsuit alleging violations of Sections 502(a)(1)(B), 502(a)(3), and 502(c) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3), and 1132(c), in connection with the denial of her claims for disability benefits. By its July 23, 2010

---

[1] Plaintiff filed her original complaint on February 9, 2009 and her First Amended Complaint on February 13, 2009. "Complaint" refers to the First Amended Complaint.

1

Memorandum and Order (ECF No. 37/38), this Court granted Defendants' Motion for Summary Judgment as to Plaintiff's claims of breach of fiduciary duty and failure to produce documents, and denied the motion as to the claim for payment of disability benefits. Rumpf v. Metropolitan Life Ins. Co., No. 09-557, 2010 WL 290254 (E.D. Pa. July 23, 2010) ("7/23/10 Mem.").

The Court held a status conference in chambers on November 12, 2010, at which counsel disagreed as to whether CEG remained a Defendant in the case following the dismissal of the Section 502(a)(3) and 502(c) claims. The Court, which retains jurisdiction over CEG in this matter, suggested that Plaintiff move to amend her complaint to clarify her remaining claims against CEG.

Following the Court's recommendation, Plaintiff filed this motion requesting leave to amend in light of CEG's contention that it was no longer a party, and Plaintiff's contention that CEG may be obligated to pay certain ancillary benefits in the event that Plaintiff is entitled to LTD benefits pursuant to Section 502(a)(1)(B). Mot. for Am. Compl. 1-2. Plaintiff's proposed Second Amended Complaint (ECF No. 43-1) contains allegations regarding CEG's provision of certain ancillary benefits to employees who are found to be disabled and entitled to LTD benefits under ERISA, and Plaintiff's entitlement to such benefits. Second Am. Compl. ¶¶ 142-145. Plaintiff's amended prayer for relief asks the Court to award Plaintiff ancillary benefits; determine that Defendants are not entitled to an offset against Plaintiff's monthly LTD benefits on account of her receipt of a lump sum payout of her accumulated retirement account; find that Defendants operated in bad faith in violation of their fiduciary duties; and grant her costs, attorney's fees, and other just and equitable relief. Second Am. Compl. ¶¶ a-e.

On December 9, 2010, Defendants filed a response brief in opposition to Plaintiff's motion, on the ground that Plaintiff's proposed amendments, particularly with respect to the "wherefore" clause, are futile. Defs.' Resp. 4-5.

### III. Legal Standards

Under Federal Rule of Civil Procedure 15(a)(2), the district court should freely give leave to amend a complaint when justice so requires. Under this liberal standard, the district court has discretion to deny leave "only if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party." Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008) (citing Adams v. Gould, 739 F.2d 858, 864 (3d Cir. 1984)).

An amendment to a pleading is futile if it fails to state a claim upon which relief may be granted. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citing In re Merck & Co. Sec., Derivative, & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007)). Proposed claims that cannot withstand a motion to dismiss on statute of limitations grounds are futile. Garvin v. City of Philadelphia, 354 F.3d 215, 222 (3d Cir. 2003) (citing Riley v. Taylor, 62 F.3d 86, 92 (3d Cir. 1995)). To avoid futility, an amendment either must be filed within the limitations period or "relate back" to the original complaint by "assert[ing] a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . .." Fed. R. Civ. P. 15(c)(1)(B). An amendment that arises from the same conduct as that alleged in the original complaint usually "relates back" to the complaint. Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004).

### IV. Discussion

Plaintiff has followed the Court's suggestion of moving to amend her Complaint in order to clarify her claims against CEG. Plaintiff's proposed amendments are not motivated by bad faith, caused by undue delay, or prejudicial to Defendants. Rather, Plaintiff seeks to move the case forward towards a resolution by setting forth her allegations regarding CEG's obligations to Plaintiff. The Court disagrees with Defendants' interpretation of Plaintiff's "wherefore" clause as cloaking myriad causes of action.

Furthermore, Plaintiff's proposed amendments satisfy the "relation back" requirements of Fed. R. Civ. P. 15(c). As addressed in the Court's July 23, 2010 Memorandum, Plaintiff's claim for wrongful denial of benefits under Section 502(a)(1)(B) accrued on February 16, 2005 and was timely filed, although the claim for breach of fiduciary duty under ERISA Section 502(a)(3) was untimely and consequently dismissed.[2] 7/23/10 Mem. at *6-9. The allegations that Plaintiff now raises in her proposal relate back to the same conduct as the cause of action on which she proceeds from her Complaint, i.e., the wrongful denial of Plaintiff's claim for benefits.

For these reasons, Plaintiff's motion for leave to amend is GRANTED. An appropriate order follows.

O:\CIVIL 09-10\09-557 Rumpf v. Metropolitan\Rumpf -- mot leave to amend 122010.wpd

---

[2] Even though, as Defendants contend, it would be futile for the Plaintiff to re-raise a breach of fiduciary duty claim, this Court will not deny Plaintiff leave to amend her Complaint because of the phraseology of her proposed prayer for relief.